No. 23,188.

## *In re* WILLIAM DANTON, *Petitioner.*

SYLLABUS BY THE COURT.

1. PRELIMINARY EXAMINATION—*Admission of Accused May Be Sufficient to Hold Him for Trial.* In a preliminary examination before a magistrate upon a charge of criminal syndicalism, the statements of the accused admitting the doing of acts in violation of the statute is sufficient evidence to warrant the magistrate in holding him for trial.

2. SAME—*Nature of Evidence Required to Bind Over for Trial.* In such an examination it is not necessary that the evidence upon which the accused is bound over for trial be sufficient to support a conviction. It is enough if it is shown that an offense was committed 'and that there is probable cause to ̇believe that the accused is guilty thereof.

3. CRIMINAL LAW—*Conviction—Labor Required of Prisoners Sentenced to Penitentiary.* As all prisoners confined in the penitentiary are compelled to perform labor proportionate to their capacity—in a sense hard labor—a penalty imposing imprisonment at hard labor prescribes no different punishment from one which imposes imprisonment in the penitentiary without mention of labor.

4. PRELIMINARY EXAMINATION—*Sufficient Evidence to Hold Accused for Trial.* The evidence examined, and held to be sufficient to uphold the finding of the magistrate committing the petitioner for trial in the district court.

Original proceeding in habeas corpus. Opinion filed February 12, 1921. Writ denied.

*Harold O. Mulks,* of Chicago, Ill., and *Caroline Lowe,* of Kansas City, Mo., for the petitioner; *S. F. Block,* and *H. L. Feigenholtz,* both of Chicago, Ill., of counsel.

*Richard J. Hopkins,* attorney-general, *John G. Egan,* as-assistant attorney-general, and *L. E. Quinlan,* county attorney, for the respondent.

The opinion of the court was delivered by

JOHNSTON, C. J.: The petitioner asks to be released from the custody of the sheriff who holds him on a commitment of an examining magistrate of Rice county. Bail was fixed by the magistrate at $500 which the petitioner declined to give, but since the institution of this proceeding he has been released from custody on an order of a justice of this court. He was

arrested in Rice county on the complaint of the county attorney charging that "by word of mouth and by writing and distributing literature and pamphlets the said William Danton did then and there advocate, teach and affirmatively suggest the duty, necessity, propriety and expendiency of crime, criminal syndicalism and sabotage as a means of accomplishing and effecting industrial and political revolution," in violation of the act concerning criminal syndicalism. (Laws of 1920, Special Session, ch. 37.) At a preliminary examination the magistrate found upon the evidence that the offense charged had been committed and that there was probable cause to believe that the petitioner was guilty of the commission thereof, and no bail being offered he was committed for trial in the district court of Rice county.

There is no attack in this proceeding on the validity of the act upon which the charge is based, but it is contended that the evidence offered fails to show probable cause that the petitioner is guilty of the offense charged or of any other offense. The statute, among other things, in effect provides that anyone who by word of mouth or by writing suggests or teaches the duty, necessity or expediency of crime, criminal syndicalism or sabotage, or the destruction of property, or injury to persons as a means of accomplishing any industrial or political end, change or revolution, or for profit, or who publishes or knowingly circulates, distributes or displays written or printed matter of the character and for the purposes named, or who organizes or helps to organize or becomes a member of any society or assemblage, which teaches or advocates the doctrines and practices mentioned, is guilty of a felony.

The proof offered was mainly statements and admissions made by the petitioner in a conversation with the county attorney and sheriff. He stated in effect to them that he was familiar with the teachings, doctrines and purposes of the Industrial Workers of the World, and believed in and stood for all that the organization advocated. In speaking of his connection with this organization he stated that he was a member of the I. W. W. and was proud of it; that his duties as a member were to act as messenger and carry supplies to workers in the field; that for sometime he had been working up and down the Missouri Pacific railway, a line running through Rice

*In re* Danton.

county; and that just before July 1, 1920, he had come to Frederick, in Rice county, having in his possession some of the books and documents of the organization, where he attempted to deliver them to persons there, but finding that they were already supplied he did not deliver any of them.   He identified books and other literature of the organization which showed the doctrines and practices of the organization.   Some of these fall clearly within the condemnation of the statute, but the principal contention of the petitioner is that the evidence of the things he had said and done is not sufficient to establish probable cause for believing him to be guilty of the offense.   It may be said that the same measure of proof is not necessary in a preliminary examination as in a trial.   An examination is in no sense a trial, in which the guilt or innocence of a person is adjudged, and it is not necessary that the evidence upon which the accused is committed be sufficient to support a conviction.   It is necessary that there be proof sufficient to show that a crime has been committed and that there is probable cause to believe the accused is guilty of the crime.   (*In re Stilts*, 74 Kan. 805, 87 Pac. 1134.)   In the examination of a complaint against Aaron Burr, before Chief Justice Marshall, sitting as a committing magistrate, he said:

"On an application of this kind, I certainly should not require that proof which would be necessary to convict the person to be committed, on a trial in chief; nor should I even require that which should absolutely convince my own mind of the guilt of the accused; but I ought to require, and I should require, that probable cause be shown; and I understand probable cause to be a case made out by proof, furnishing good reason to believe that the crime alleged has been committed by the person charged with having committed it."   (1 Burr's Trial, 11.)

Here there was an admission that the petitioner was a member of the organization, the principles and purposes of which have been stated, and was a messenger and carrier of the supplies and the literature of the organization and to that end had been working up and down a line of railway that runs through the county.   According to the testimony he went to Frederick to distribute literature, and attempted to deliver it. The reason it was not delivered was because the parties visited had already been supplied.   The evidence appears to be sufficient at least to show an attempt to violate the statute.

In his behalf it is contended that this was insufficient be-

cause it was no more than a confession of the petitioner, and that it was not competent to prove the offense or his connection with it. Authorities are cited to sustain the view that a confession when an accused is under arrest is to be regarded as involuntary and is not of itself admissible without proof that it is voluntary. The testimony here shows that the statement of the petitioner was a boast rather than a confession. There was no acknowledgment of the commission of an offense and nothing in the statement indicating a sense of guilt. His statements were mere admissions voluntarily made as to his relations to the organization, his belief in its principles and as to his work in promoting the cause. In the Burr case already referred to, Burr was bound over upon an affidavit setting forth the contents of a letter of Burr as to his plans and purposes towards carrying forward an expedition against the territories of a nation at peace with the United States. Although there was nothing more than the statements in his letter to connect Burr with the offense charged, Chief Justice Marshall held, a preliminary examination being an inquiry not into the guilt of Burr but merely whether there was probable cause to believe him guilty, that the affidavit which set foith the contents of the letter was sufficient to warrant the commitment of the accused for trial. (See also *United States v. Bloomgart,* 2 Benedict [U. S.] 356; *People v. Cokahnour,* 120 Cal. 253.)

It is further contended that if it be granted that the evidence was admissible and sufficient to show an attempt to violate the act relating to criminal syndicalism, a mere attempt to commit that offense is not a punishable offense in this state. The ground for this contention is that the punishment prescribed for an attempt to commit an offense is confinement and hard labor for a term not exceeding one-half of the longest time prescribed for a conviction of the offense attempted (Gen. Stat. 1915, § 3328), while the penalty for criminal syndicalism is imprisonment in the state penitentiary for a term of not less than one year nor more than ten years, or by a fine of not more than $1,000 or by both such fine and imprisonment. (Laws 1920, Special Session, ch. 37.) It is argued that imprisonment in the penitentiary as prescribed for criminal syndicalism is materially different from imprisonment and hard

*In re* Danton.

labor, the penalty prescribed for an attempt to commit crime, and therefore the statute providing punishment for attempts does not cover or apply to attempts to commit criminal syndicalism. There is nothing substantial in the contention. Under the statute all persons confined in the penitentiary are required to perform labor. The punishment inflicted there is not classified as hard and easy labor, but all are required to labor under the direction of the warden. That officer is to prescribe the work that the prisoners shall do, proportionate to the health and capacity of each of them. (Gen. Stat. 1915, § 9977.) In some of the penalties prescribed for crimes the legislature has added to imprisonment the old phrase "at hard labor," and in some it is omitted, but it is plain that it was not intended that the expression should add anything to the punishment. Under our system all prisoners alike are required to labor while confined in the penitentiary according to their strength and capacity, and so proportioned, it may be said to be hard labor for each prisoner. As used in the statute relating to attempts to commit a crime, the words "hard labor" mean no more than compulsory labor. (*Brown v. The State,* 74 Ala. 478.) The punishment to be administered, so far as labor of prisoners in the penitentiary is concerned, is the same whether the words are included or omitted.

Although the evidence is somewhat meager we conclude that it is sufficient to warrant the holding of the petitioner for trial, and therefore the application for the discharge on the writ of habeas corpus is denied.