No. 22,821.

THE STATE OF KANSAS, *Appellee*, v. ALEX PFEIFER et al.,
*Appellants*.

SYLLABUS BY THE COURT.

HABEAS CORPUS—*Preliminary Examination—Evidence Sufficient to Hold
Defendants for Trial.* In a habeas corpus proceeding the district court
decided that the evidence given before a justice of the peace in a pre-
liminary examination of petitioners who were charged with a public
offense and committed for trial was sufficient to show that the offense
had been committed and that there was probable cause to believe that
the petitioners had committed the offense. On appeal the decision is
affirmed.

Appeal from Ellis district court; ISAAC T. PURCELL, judge.
Opinion filed June 11, 1921. Affirmed.

*J. P. Shutts,. H. L. Pestana,* both of Hays, and *A. E. Crane,* of
Topeka, for the appellants.

*Richard J. Hopkins,* attorney-general, and *J. M. Weisner,*
county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The defendants were arrested upon a
charge of unlawfully and maliciously placing poison in a pas-
ture where the cattle of Alex Rupp were grazing, with the in-
tention of poisoning the cattle, and it is alleged that nine of
them died from eating the poison so placed. At a preliminary
examination of the defendants before a justice of the peace, it
was found that the offense charged had been committed, and
that there was probable cause to believe that they were guilty
of the offense. Contending that the evidence was insufficient
to warrant binding them over for trial they applied to the dis-
trict court for a discharge upon a writ of habeas corpus. That
court examined the evidence and decided that it was sufficient
to warrant the commitment of the defendants for trial. From
the decision refusing a discharge and remanding the defend-
ants to the custody of the sheriff they appeal to this court.

It appears that Rupp had rented a farm from the mother of

defendants and a controversy had arisen among them as to the termination of the lease, which resulted in litigation. There was hostility between the defendants and Rupp, due in part to the dispute as to the lease and occupancy of the farm, and in part as to the impounding of defendants' cattle by Rupp for trespass. On the rented farm was a pasture in which Rupp had a herd of cattle, and these began to sicken and die. An examination indicated that they had died from poison. On further investigation it was found that quite a number of piles of poison had been placed here and there in the pasture. There was testimony to the effect that on several days shortly before the death of the cattle, the defendants had been seen near to and in the pasture. On one occasion when there was a quarrel between Rupp and Alexander Pfeifer about the impounding of defendants' cattle by Rupp, some strong language was used by the defendant, and among other things he said, "I will get your cattle," and when Rupp remarked that he would not, as he, Rupp, did not allow his cattle to get out, Pfeifer said, "I will get them anyhow, and you will pay pretty damn dear. . . ." There appears to be ample evidence that the cattle died from poison and enough to show that the poison had been purposely placed in the pasture by some person. The testimony connecting the defendants with the offense is slight, but in view of that showing their hostility to Rupp, their being in the pasture about the time the cattle were poisoned, and the threat mentioned, it is deemed to be sufficient to hold the defendants for trial. There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty. (*In re Danton,* 108 Kan. 451, 195 Pac. 981.)

The judgment is affirmed.