No. 25,601.

*In re* Woodie L. Turner, Petitioner for Writ of Habeas Corpus.

SYLLABUS BY THE COURT.

Habeas Corpus—*Preliminary Examination—Evidence Sufficient to Warrant Commitment for Trial.* In a preliminary examination before a justice of the peace petitioner was held for trial, and in a habeas corpus proceeding in the district court he asked for a discharge upon the ground that the evidence did not warrant his commitment. That court held the evidence sufficient to show that a crime had been committed and probable cause to believe the petitioner was guilty of the offense. On appeal the decision is affirmed.

Appeal from Norton district court; Willard Simmons, judge. Opinion filed January 10, 1925. Affirmed.

*W. E. Mahin,* of Norton, for the petitioner.

*Charles B. Griffith,* attorney-general, *William A. Smith,* assistant attorney-general, and *Robert W. Hemphill, Jr.,* county attorney, for the respondent; *H. R. Tillotson,* of Lenora, of counsel.

The opinion of the court was delivered by

Johnston, C. J.: Woodie L. Turner and Myrtle Newkirk were arrested on a charge of the murder of Jack Newkirk, the husband of Myrtle Newkirk. At a preliminary examination both were held for trial in the district court. He instituted a proceeding in habeas corpus in the district court, asking a discharge on the ground that the evidence introduced on the preliminary examination before a justice of the peace was insufficient to show probable cause for believing that a crime was committed of which he was guilty. The trial court examined the evidence and decided it was sufficient to hold the petitioner for a trial. An appeal from that decision to this court has been taken.

We are in accord with the district court on its measure of the evidence. Whether or not the evidence presented would sustain a conviction at the end of a trial, it is deemed sufficient to hold the petitioner for trial. In his discussion of the evidence petitioner seems to proceed on the theory that we can settle conflicts in evidence and weigh it much the same as is done in an appeal from a conviction. In *In re Danton,* 108 Kan. 451, 195 Pac. 981, it was remarked:

"It may be said that the same measure of proof is not necessary in a preliminary examination in a trial. An examination is in no sense a trial, in

which the guilt or innocence of a person is adjudged, and it is not necessary that the evidence upon which the accused is committed be sufficient to support a conviction. It is necessary that there be proof sufficient to show that a crime has been committed and that there is probable cause to believe the accused is guilty of the crime." (p. 453.)

In the later case of *The State v. Pfeifer*, 109 Kan. 232, 198 Pac. 927, it was said:

"There is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty." (p. 233.)

It is not necessary to recount at length the evidence produced, but it may be said that, measured by the appropriate standard, it is enough to show that the offense was committed and probable cause to believe that the petitioner is guilty of the offense.

Some complaint is made as to the regularity of the return made by the sheriff, as to defects in the certification of the complaint, and as to the production of the original commitment, but in none of them do we find anything substantial—anything that deserves serious consideration as grounds for a discharge of the petitioner.

The judgment of the district court is affirmed.