No. 29,697.

In re Application of Elsie Hoober for Writ of Habeas Corpus; Elsie Hoober, *Appellant*, v. Roy Henderson, *Appellee*.

(294 Pac. 678.)

Opinion filed January 10, 1931.

*H. S. Hines* and *C. T. Atkinson,* both of Arkansas City, for the appellant.

*O. Renn,* city attorney, and *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one of habeas corpus to procure release of petitioner from custody of the sheriff, who held petitioner under an order of the city physician of Arkansas City committing her to the state industrial farm for women as a person afflicted with venereal disease. Motion to quash the writ was allowed, and petitioner appeals.

When the cause came on for hearing petitioner was granted permission to file an amended petition, which she did. For the sake of brevity the amended petition will be called the petition.

The nature and cause of the order sufficiently appeared in the petition. The order was called a "pretended" order, but the characterization was a nonutilitarian stylistic mannerism.

The petition alleged the order was issued by Doctor Hellweg, as city physician of the city of Arkansas City. There was no denial he was such officer, or statement of fact showing he was not duly empowered by rules of the state board of health and city ordinance to issue valid isolation orders in proper cases.

The petition contained the following allegations:

"That said order is void in that said Doctor Hellweg has no power to issue such an order, and has no jurisdiction over the person of your petitioner, and that a city physician has no power or authority of law to issue an order to Roy Henderson, sheriff of Cowley county.

"That the certificate of the said Doctor Hellweg was issued not only without authority, and not in accordance with rules of the state board of health, but that it was issued in bad faith, . . ."

These allegations presented no issuable fact which would invalidate exercise of official authority. In the brief for petitioner it is said she resides outside the city; but it is admitted she did go about in the city, and syphilitic nonresidents who menace public health by frequenting the city may be picked up and isolated.

No specific departure from the rules of the state board of health was pleaded.

Intermingled with some impertinent fulminations were statements to this effect: That petitioner was not diseased; that Doctor Hellweg knew she was not diseased; and that he issued the order wrongfully and maliciously, to harass petitioner. If petitioner was diseased the motive of the health officer was immaterial. He merely performed his official duty in making the isolation order. If petitioner was not diseased her remedy was by appeal to the local board of health. The proceedings on such an appeal include the following:

"The local board of health shall appoint another physician to consult with and assist the health officer in making such additional examination or examinations as may be necessary to reach an agreement as to diagnosis. Specimens for laboratory tests taken in the additional examination or examinations shall be sent to the state laboratory." (Rule XXXVI (a), § 2 (b), state board of health.)

This rule guarantees unprejudiced examination and certainty of result. The petition fails to disclose that the simple remedy of appeal was invoked, or reason for not invoking it, and at the hearing it was admitted no appeal had been taken.

In the brief petitioner says that if this court wants to know why she did not appeal she can give reasons. This court is not inquisitive, and legal reasons, if there were any, should have been given to the district court in the petition.

The major portion of the brief for petitioner consists of matter extraneous to the record, and arguments not based on the record.

The judgment is affirmed.