No. 35,927

DELORES NOLAND, *Petitioner*, v. CARL GARDNER, Sheriff of Geary County, *Respondent.*

No. 35,928

BERTHA COX, *Petitioner*, v. CARL GARDNER, Sheriff of Geary County, *Respondent.*

(136 P. 2d 233)

Opinion filed April 16, 1943.

*Elisha Scott*, of Topeka, argued the cause for the petitioners.

*Howard W. Harper*, county attorney, and *Shelley Graybill*, assistant attorney general, argued the cause for the respondent.

The opinion of the court was delivered by

WEDELL, J.: These are original proceedings in habeas corpus to procure the release of petitioners from custody of the sheriff of Geary county who holds them under an order of the county health officer of that county committing them to the State Industrial Farm for Women as persons afflicted with a dangerous, communicable, venereal disease. Upon the filing of the petitions and the posting of bonds, execution of the commitments was stayed until further order of this court and respondent was directed to show cause why the writs should not be granted.

Respondent filed his verified answer and return in each case and petitioners filed a verified general denial of all averments of the answer and return that are inconsistent with the averments of their petitions. The issues presented in the cases are the same and they

have been consolidated. The material averments contained in each petition are essentially the same and are, in substance, as follows:

Petitioner is confined in the county jail of Geary county under and by virtue of a pretended commitment issued by Dr. Norman Burkett, health officer of Junction City; the pretended commitment is wholly void on its face and is contrary to law, all of which facts Dr. Norman Burkett well knew in that petitioner was denied the right of appeal to the county health board; the petitioner has exhausted every known remedy for her relief; she is not diseased and has offered to submit herself to any physician named by a court of competent jurisdiction, or by Dr. Norman Burkett, to determine whether she is diseased to an extent which justifies the commitment issued.

Each petition also contains an averment that in the absence of the district judge from Geary county the petitioner sought relief by habeas corpus proceedings in the probate court of that county but was denied the right to introduce evidence relative to her condition for the reason a demurrer of respondent was sustained to her petition. No appeal has been perfected from that ruling of the probate court and it is not before us for review.

Petitioners request this court to appoint a commissioner to hear evidence relative to their alleged diseased condition. Before dealing with that request it is necessary to determine whether, under existing circumstances, habeas corpus is the proper remedy to obtain release from the custody of respondent.

For the protection of the public health and the control of communicable diseases the lawmakers have provided a definite, prompt and adequate procedure in cases of this specific character. They have authorized the state board of health to designate such diseases as are infectious, contagious or communicable in their nature and have authorized that board to make and prescribe rules, regulations and procedure for the isolation and quarantine of such diseases and persons afflicted with or exposed to such diseases. (G. S. 1935, 65-128.)

Pursuant to such statutory authority that board has prescribed rules, regulations and the procedure to be followed in the administration of the law for the speedy protection of the public health. In such rules and regulations the board, however, has provided not only for the protection of the public health and safety but has also provided for the protection of the individual against possible mis-

takes or arbitrary action on the part of the local health officers charged with the delicate and important task of examining persons suspected of being afflicted with communicable diseases. The protection of the individual is the right of appeal, in writing, from the. decision of an examining health officer to the local board of health. The pertinent provision is:

"The local board of health shall appoint another physician to consult with and assist the health officer in making such additional examination or examinations as may be necessary to reach an agreement as to diagnosis. Specimens for laboratory tests taken in the additional examination or examinations shall be sent to the state laboratory." (Rule XXXVI [a], § 2 [b], state board of health.)

In a very similar case, *In re Hoober*, 132 Kan. 224, 294 Pac. 678, it was said:'

"This rule guarantees unprejudiced examination and certainty of result." (p. 225.)

In the same case we held:

"The remedy of a, woman, who contends she is wrongfully detained by the sheriff under an isolation order made by a city physician pursuant to rules of the state board of health, because she is not diseased, is by appeal to the local board of health, and not by application for habeas corpus." (Syl. ¶ 1.)

The petitions state petitioners were denied the right of appeal to the county health board and that they have exhausted every known remedy. The certified return and answer of respondent contain certificates disclosing no appeal was perfected to the local city or county health board and counsel for petitioners admitted, in oral argument before this court, that no appeals had been perfected. The return and answer of respondent denies petitioners were prevented from perfecting appeals. The petitions in nowise allege in what manner or by whom petitioners were deprived of the right of appeal. When counsel for petitioners was asked, on oral argument before this court, to state in what manner petitioners were prevented from perfecting the statutory appeals, the inquiry went unanswered. The response was merely to the effect that such appeals might yet be perfected but that, in the opinion of counsel for petitioners, the appeal provision did not preclude prosecuting the instant proceedings. Manifestly, in view of this disclosure we can give no weight or credence to the allegation that petitioners were denied the right of appeal. Moreover, it clearly appears from allegations of the verified petitions that petitioners were in nowise prevented from

prosecuting such proceedings as in their opinion were appropriate. They each prosecuted proceedings for a writ of habeas corpus in the probate court of Geary county, and they were not prevented from being present in person at such hearings. In view of the disclosures it is apparent petitioners have not exhausted their remedy of appeal and that they were not prevented from doing so.

The allegation in the petitions that the commitment was void on its face is without merit. No copy of the commitment was attached to either petition. The copies of commitment filed by respondent indicate the commitment, on its face, was regular in each case.

Counsel for petitioners relies upon *In re Snyder, Petitioner, &c.,* 17 Kan. 542; *In re Gunn, Petitioner,* 50 Kan. 155, 32 Pac. 470, 948; *In re Chipchase, Petitioner,* 56 Kan. 357, 43 Pac. 264; *In re L. C. Gilmore,* 61 Kan. 857, 58 Pac. 961; *In re Wright,* 74 Kan. 409, 89 Pac. 678; *In re Spaulding,* 75 Kan. 163, 88 Pac. 547; *State v. Pfeifer,* 109 Kan. 232, 198 Pac. 927. These cases are not authority for granting the request of petitioners to have this court hear the evidence and determine the condition of petitioners and thus substitute its judgment for that of the examining health officer and the local health board to which the law has expressly delegated that authority and responsibility.

Petitioners insist proceedings in habeas corpus may always be instituted for the purpose of challenging the illegal restraint of a person's liberty. That right has not been denied petitioners in the instant cases. This court, as previously stated, stayed the execution of the commitments until further order of this court and directed respondent to show cause for not allowing the writs. It now appears there is no present illegal restraint of liberty and that petitioners have not exhausted the specific remedy provided by law to correct the alleged error of which they complain. If petitioners were not diseased they possessed a far speedier remedy to obtain their release from custody than the instant proceedings provide. That remedy, as stated, was by appeal to the local board of health. In the absence of present illegal restraint of liberty this court cannot order the release of petitioners. The application for the writ, in each case, is denied and petitioners are remanded to the custody of respondent.