16091

STATE v. HUFFSTETLER
(49 S. E. (2d) 585)

320

Mr. G. Raymond McElveen, of Columbia, for Appellant,

Mr. T. P. Taylor, Solicitor, of Columbia, for Respondent.

June 10, 1948.

STUKES, Justice.

Appellant pleaded guilty at the January 1948 term of the Court of General Sessions for Richland County to two indictments which charged her with separate crimes of grand larceny; and was sentenced to serve terms of twelve months and eighteen months, respectively, making a total of thirty months, at hard labor upon the public works of the county, or for a like period in the State penitentiary, with the further provision that upon the service of four months and five months, respectively and consecutively, the remainder of the sentences should be suspended and the defendant placed on.

probation for a period of five years upon each indictment. Appellant was represented by experienced counsel who was heard in her behalf before sentence.

The appeal is from the sentences, first that a convicted female may legally be sentenced only to the county jail or State penitentiary at such labor as she can perform; second, that the sentences were cruel and excessive, in violation of the State and Federal Constitutions; and third, that one of the indictments merely charged a series of petit larcenies.

The third exception is manifestly untenable and requires little discussion. That indictment charged the theft on a specified date from a certain retail store of three dresses of itemized values which aggregate $26.18. The only meaning of which the indictment is reasonably susceptible is that the taking of the three dresses was one act, and the total value of them made the crime grand larceny. Moreover, appellant's plea of guilty of grand larceny is now conclusive upon her in this respect.

The second exception is equally devoid of merit. There were two offenses of grand larceny, of which appellant admitted her guilt. The sentences which aggregated thirty months were well within the statutory limit of the judge's discretion. Our last authority upon the subject is *State v. Scates,* 212 S. C. 150, 46 S. E. 2d 693, where it was said, upon citation of earlier authorities, that this Court has no jurisdiction to reverse a sentence as excessive when it is within the limits prescribed by law as in the discretion of the trial judge, and is not the result of partiality, prejudice, oppression or corrupt motive.

The crime of grand larceny is a felony and is so distinguished from petit larceny, which latter is made a misdemeanor by statute. Sec. 1160, Code of 1942. The punishment for grand larceny is not particularly prescribed by statute so it falls within the terms of Sec. 1034 of the Code, as follows: "Where no special punishment is provided for a felony, it

shall, at the discretion of the court, be by one or more of the following modes, to-wit: confinement in the penitentiary, or in a workhouse or penal farm (when such institutions shall exist), for a period not less than three months nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed."

Also applicable is Sec. 1038, as follows: "In cases of legal conviction, where no punishment is provided by statute, the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense, and not repugnant to the Constitution."

The State Constitution provides in Sec. 19 of Article I (similar to the Eighth Amendment of the Federal Constitution in this feature, which latter need not be separately discussed) as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted * * *." See *State v. Kimbrough,* 212 S. C. 348, 46 S. E. 2d 273.

In point also is Sec. 33 of art. V of the present State Constitution, which is: "Circuit Courts and all Courts inferior thereto and municipal Courts shall have the power, in their discretion, to impose sentence of labor upon highways, streets and other public works upon persons by them sentenced to imprisonment."

The constitutional provision last cited is controlling of the decision upon appellant's third exception, which her counsel emphasized most strongly in argument. The contention is that the terms of sections 1035 and 1036 of the Code impliedly prohibit the sentencing of female convicts to hard labor. The position is untenable for two patent reasons. In the first place the last above quoted section of the Constitution, art. V, Sec. 33, makes no distinction between convicts on account of sex, which provision is, of course, not subject to alteration by statute.

Secondly, the effect of the pertinent provision of Sec. 1035 is merely to make compulsory upon the courts the sentencing of able-bodied males to hard labor. Consideration impels this conclusion. We quote: "In every case in which imprisonment is provided as the punishment, in whole or in part, for any crime, all able-bodied male convicts shall hereafter be sentenced to hard labor on the public works of the county in which convicted, if such county maintains a chaingang, without regard to the length of the sentence, and in the alternative to imprisonment in the county jail or State penitentiary at hard labor    *    *    *."

Similarly, quotation of Sec. 1036 is conclusive likewise. It follows: "All the courts of this State and municipal authorities which, under existing laws, have power to sentence convicts to confinement in prison with hard labor, shall sentence all able-bodied male convicts to hard labor upon the public works of the county in which said person shall have been convicted, and in the alternative to imprisonment in the county jail or state penitentiary at hard labor    *    *    *."

The expression "hard labor" naturally must be related to the physical ability of the convict and it is properly usual in the sentencing of a female or a male who is not able-bodied to specify that he or she shall be confined at such labor as he or she is able to perform; and when not expressed, it may be said to be implied.

Hard labor is not of itself a cruel or unusual punishment. *Durham v. State,* 89 Tenn. 723, 18 S. W. 74; *Pervear v. Massachusetts,* 5 Wall. 475, 476, 17 L. Ed. 608; *O'Neil v. Com.,* 165 Mass. 446, 43 N. E. 183, 2 Bouv. Law Dict., Rawle's Third Rev. (1914) 1425.

It has been held that where all prisoners confined in the penitentiary are compelled to perform labor proportionate to their capacity, a statute prescribing imprisonment at hard labor prescribes no different punishment than one which imposes punishment in the penitentiary without mention

of labor. *In re Danton,* 108 Kan. 451, 195 P. 981, 24 C. J. S., Criminal Law, § 1992, p. 1217.

In *Gurdes v. United States,* 5 Cir., 87 F. 172, 30 C. C. A. 596, the court modified a sentence by eliminating the expression "at hard labor" because it was not required or essential and carried only public odium, in view of the fact that imprisonment implied the hard labor required by the prison as a part of the discipline. Webster (Sec. Unab. Ed., 1939) undertakes to give the modern meaning of "hard labor" as follows: "Compulsory labor such as that which is imposed upon imprisoned criminals as a part of the prison discipline. Such labor has been, until recently, often or commonly carried to the limit of endurance or beyond it; but it has been held in the United States that such labor is not necessarily more severe nor greater in amount than that customarily performed by ordinary laborers, though the use of the words in a sentence, as held by the Supreme Court of the United States, makes the punishment infamous."

The foregoing considerations are conclusive that there is no legal error in the sentences from which this appeal was taken.

During the oral argument before us the Solicitor suggested that the form of the sentences was the result of inadvertence which the trial court would doubtless have changed, had its attention been called by motion or otherwise, to read: "at such labor as the defendant is able to perform", instead of "at hard labor"; and he expressly consented to such modification. That course will therefore be followed in this instance; appellant is certainly entitled on the record to no more.

The exceptions are overruled; the case is remanded to the lower court for modification of the sentences as above set forth, whereupon the judgment is affirmed.

BAKER, C. J., and FISHBURNE and OXNER, JJ., concur.

TAYLOR, J., concurs in result.