### STATE v. JOSEPH COOPER.

(Filed 23 September, 1953.)

**1. Criminal Law § 62a—**

A judgment that defendant be confined in the State's Prison at hard labor for a term of not less than two nor more than five years, entered upon defendant's plea of *nolo contendere* in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, *is held* in accordance with statute, G.S. 14-32, G.S. 148-42, G.S. 148-26, and exception to the judgment is untenable. The term "hard labor" means compulsory or involuntary labor required by law of prisoners in the State and does not signify labor of unusual severity.

**2. Criminal Law § 17c—**

A plea of *nolo contendere* admits for the purposes of the particular prosecution all the elements of the offense charged against the accused and gives the court complete power to sentence the accused for such offense, and therefore defendant may not contend that the court should acquit him or at most find him guilty of a less degree of the offense on the ground that evidence heard by the court for the purpose of determining punishment was insufficient to support conviction of the offense charged.

**3. Same—**

Upon a plea of *nolo contendere*, the hearing of evidence by the court for the purpose of determining the punishment is not limited to evidence which would be competent upon a trial of the defendant for the offense charged, but the court may look anywhere, within reasonable limits, for facts calculated to enable it to act wisely in fixing punishment.

APPEAL by defendant from *McLean, Special Judge,* at March Term, 1953, of BUNCOMBE.

Criminal prosecution upon an indictment charging that the defendant Joseph Cooper assaulted and wounded T. W. Simpson with a deadly weapon, to wit, a pistol, with intent to kill him, and in that way inflicted upon him serious injury not resulting in his death.

When the case was heard in the court below, the defendant was represented by counsel of his own selection. He entered an absolute plea of *nolo contendere,* which the presiding judge allowed the solicitor to accept.

After the acceptance of the plea, the presiding judge heard the testimony of five witnesses for the State and that of the defendant in his own behalf for the purpose of determining what punishment should be imposed. The witnesses for the State deposed to facts sufficient to show not only that the defendant committed the crime charged in the indictment, but also that he willfully discharged a firearm in the restaurant of one Tony Katsekos several months before that event. The defendant testified that he shot Simpson by accident. He denied discharging a firearm in the eating place operated by Katsekos.

The defendant objected to the receipt of the evidence relating to his conduct in the restaurant owned by Katsekos, and noted an exception to the overruling of this objection. The defendant asserted primarily that the State's testimony showed he shot the prosecuting witness by accident, and moved the court for a complete acquittal on that ground. The presiding judge denied this motion, and the defendant reserved an exception to this ruling. The defendant insisted secondarily that the State's evidence was insufficient to show an intent to kill even if it was ample to establish the other elements of the felonious assault and battery charged in the indictment, and moved the court to convict him of an assault with a deadly weapon without intent to kill rather than the crime charged on that ground. The presiding judge denied this motion, and the defendant saved an exception to this ruling.

After hearing all of the testimony on both sides and making the rulings set out above, the presiding judge entered this judgment: "It is the judgment of the court that the defendant be confined in the State's prison at hard labor for a term of not less than two nor more than three years." The defendant excepted to the judgment, and appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*S. J. Pegram and William J. Cocke for defendant, appellant.*

ERVIN, J. We deem it advisable to make certain observations at the outset. The plea of *nolo contendere* entered by the defendant and accepted by the solicitor with the approval of the presiding judge was absolute in character. This being true, there is no basis for the contention of the defendant that his plea of *nolo contendere* was a conditional one with the ultimate issue of his guilt or innocence to be determined by the presiding judge. It necessarily follows that the decisions condemning conditional pleas of *nolo contendere* are not germane to the case in hand. *S. v. Horne,* 234 N.C. 115, 66 S.E. 2d 665; *S. v. Camby,* 209 N.C. 50, 182 S.E. 715.

It conduces to clarity of understanding to consider the exceptions in the inverse order of their taking. For this reason, we now address ourselves to the exception to the judgment.

The defendant's plea of *nolo contendere* constituted a formal declaration on his part that he would not contend with the State in respect to the charge, and was tantamount to a plea of guilty for the purposes of this particular criminal action. Consequently, the presiding judge acquired full power to pronounce judgment against the defendant for the crime charged in the indictment, *i.e.*, a felonious assault and battery with a deadly weapon with intent to kill resulting in serious injury as defined by G.S. 14-32, when he allowed the solicitor to accept the plea tendered by the defendant. *S. v. Thomas*, 236 N.C. 196, 72 S.E. 2d 525; *S. v. Jamieson*, 232 N.C. 731, 62 S.E. 2d 52; *S. v. Shepherd*, 230 N.C. 605, 55 S.E. 2d 79; *S. v. Stansbury*, 230 N.C. 589, 55 S.E. 2d 185; *S. v. Ayers*, 226 N.C. 579, 39 S.E. 2d 607; *S. v. Beasley*, 226 N.C. 580, 39 S.E. 2d 607; *S. v. Parker*, 220 N.C. 416, 17 S.E. 2d 475; *S. v. Burnett*, 174 N.C. 796, 93 S.E. 473, L.R.A. 1918A, 955.

G.S. 14-32 provides that "any person who assaults another with a deadly weapon with intent to kill, and inflicts serious injury not resulting in death, shall be guilty of a felony and shall be punished by imprisonment in the State Prison or be worked under the supervision of the State Highway and Public Works Commission for a period not less than four months nor more than ten years." G.S. 148-42 specifies that "the several judges of the superior court are authorized in their discretion in sentencing prisoners for a term in excess of twelve months to provide for a minimum and maximum sentence." G.S. 148-26 stipulates that "all able-bodied prisoners of the State" shall be compelled to work at gainful employments during their imprisonment.

These statutory provisions fully sanction the judgment. The term "hard labor" as used in the judgment does not signify labor of unusual severity. It merely means the compulsory or involuntary labor required by law of prisoners of the State. *Ex Parte Brede*, 279 F. 147; *Brown v. State*, 74 Ala. 478; *In re Danton*, 108 Kan. 451, 195 P. 981; *State v. Huffstetter*, 213 S.C. 319, 49 S.E. 2d 585.

Since the witnesses for the State testified to facts sufficient to show that the defendant committed the felonious assault and battery charged in the indictment, there is no factual foundation for the alternative assumptions underlying the motion for an acquittal and the motion for a conviction of a less aggravated assault than that charged. The legal standing of the defendant would not be bettered a single whit, however, even if the State's evidence did afford him a factual foundation for one or the other of his assumptions. The court did not hear the State's testimony to determine

STATE *v.* COOPER.

either the fact or the degree of the defendant's guilt. It was not incumbent upon the State to offer proof upon either of those matters. This is so because a plea of *nolo contendere* admits for the purposes of the particular case all of the elements of the offense charged against the accused, and gives the court complete power to sentence the accused for such offense. *S. v. Beasley, supra; S. v. Ayers, supra; S. v. Burnett, supra.* The court heard the evidence of the State as well as that of the defendant merely to enable it to exercise a sound discretion in determining the extent of the punishment. In passing from this phase of the appeal, we note that the defendant did not apply to the court at any time for permission to withdraw his plea.

This brings us to the exception to the admission of the testimony of the State showing that several months before the time mentioned in the indictment the defendant willfully discharged a firearm in a public eating place. We accept as valid the contention of the defendant that this evidence would have been incompetent if the State had offered it against the defendant in a trial on the merits necessitated by a plea of not guilty.

When it received this evidence, the court was not conducting a trial in the ordinary sense of the word. It was hearing testimony on a plea of *nolo contendere* for the sole purpose of determining what punishment it should impose upon the defendant.

In making a determination of this nature after a plea of guilty or *nolo contendere,* a court is not confined to evidence relating to the offense charged. It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced. *S. v. Stansbury, supra.* In so doing the court is not bound by the rules of evidence which obtain in a trial where guilt or innocence is put in issue by a plea of not guilty. *People v. McWilliams,* 348 Ill. 333, 180 N.E. 832.

For the reasons given, the judgment is

Affirmed.