STATE OF NORTH CAROLINA v. DAVID HUFFSTETLER.

(Filed 12 June 1968.)

1. **Constitutional Law § 33—**

   In a prosecution for felonious breaking and entering and larceny, it was not error for the court to permit a defense witness to refuse to answer questions asked by defendant's counsel on the ground of his privilege against self-incrimination, notwithstanding the witness had previously plead guilty to breaking and entering as a result of the same occurrence for which defendant was being tried, since his testimony might disclose facts leading to proof of other crimes in connection with this occurrence which would not have been known without his admission.

2. **Criminal Law § 140—**

   Where the court enters separate judgments imposing sentences of imprisonment, the sentences run concurrently as a matter of law in the absence of a provision to the contrary in the judgment.

3. **Criminal Law § 171—**

   Where concurrent sentences of equal length are imposed upon conviction

on two counts, any error in the charge relating to one count only is harmless.

**4. Criminal Law § 166—**

Assignments of error not supported by argument or citation of authority in appellant's brief are deemed abandoned, Rule of Practice in the Court of Appeals No. 28.

APPEAL from *Godwin, S.J.,* 27 November 1967 Special Session GASTON Superior Court.

Defendant was charged in a bill of indictment with felonious breaking and entering and larceny of goods of the value of more than $200.00. He entered a plea of not guilty. Upon a verdict of guilty, he was sentenced to a term of not less than 7 nor more than 10 years on each count. From the judgment of the court, defendant appealed.

*Attorney General T. W. Bruton, by Andrew A. Vanore, Staff Attorney, for the State.*
*J. Ralph Phillips for defendant appellant.*

MORRIS, J. The evidence presented by the State, in addition to the prosecuting witness and investigating officer, came from three of the persons who were in the company of defendant at the time the offenses were committed. One other who was present, according to the evidence, was called to testify for defendant. He was allowed to refuse to answer the questions of defendant's attorney on the ground that the answers "might tend to incriminate him". The defendant assigns as error (assignment of error no. 2) the court's permitting him to refuse to answer. This witness, it is true, had plead guilty to and was serving sentence for breaking and entering as the result of the same occurrence for which defendant was being tried. However, as the record discloses, he had not been charged with safecracking and safe robbery. He testified, out of the presence of the jury, that he had been advised that he could be charged with this offense. As was said in *Smith v. Smith,* 116 N.C. 386 at p. 387, 21 S.E. 196:

". . . the witness ought not to be compelled to answer the question, for the reason that the admission may be the connecting link of a chain of evidence, disclosing other facts and other circumstances leading to clear proof of a crime which would not have been known without the admission."

This assignment of error is overruled.

Defendant also assigns as error the failure of the court to charge the jury that it could find the defendant guilty or not guilty of

larceny of goods of the value of $200.00 or less. Conceding that there is some evidence from which the jury could have found the property was valued at $200.00 or less, the failure to so charge could not have constituted prejudicial error in this case. The sentences imposed on both the first and second count were identical. The court did not specify whether the sentence on the second count, the larceny count, should run consecutively with the sentence on the first count or concurrently therewith. Absent an order to the contrary, these sentences run concurrently as a matter of law. *State v. Efird,* 271 N.C. 730, 157 S.E. 2d 538. The error, if any there was, was not prejudicial. Assignment of error no. 6 is overruled.

By assignment of error nos. 1 and 4 defendant contends the court erred in overruling his motion for nonsuit. The defendant does not argue these assignments of error in his brief nor cite any authority therefor. Although these assignments of error are deemed abandoned under our rules (Rule 28, Rules of Practice in the Court of Appeals of North Carolina), we have examined the record, and there is ample evidence to support the court's ruling.

We have considered assignments of error nos. 3 and 5 and find them to be without merit.

The judgment of the Superior Court is
Affirmed.

CAMPBELL and BRITT, JJ., concur.