STATE OF NORTH CAROLINA v. EUGENE DAYTON McDONALD

No. 6926SC474

(Filed 19 November 1969)

**Burglary and Unlawful Breakings § 8;     Arrest and Bail § 9;     Criminal Law § 151— punishment — bail pending appeal**

The trial court did not abuse its discretion in imposing a sentence of imprisonment of six to ten years upon defendant's plea of guilty of felonious breaking and entering and in fixing bail pending appeal in the amount of $10,000.

APPEAL by defendant from *Falls, J.,* 19 May 1969 Schedule "B" Criminal Session of MECKLENBURG Superior Court.

Defendant was charged in a valid bill of indictment with felonious breaking and entering, larceny and receiving. He was represented by court-appointed counsel and entered a plea of guilty to the charge of felonious breaking and entering. The court found that the plea was freely, understandingly and voluntarily made without undue influence, compulsion or duress, and without promise of leniency. From a judgment imposing a sentence of imprisonment of not less than six (6) nor more than ten (10) years, the defendant appeals.

*Attorney General Robert Morgan by Trial Attorney Fred P. Parker, III, for the State.*

*Whitfield, McNeely and Echols by Paul L. Whitfield for defendant appellant.*

VAUGHN, J.

The defendant assigns as error the judgment of the trial court, contending that the court abused its discretion and showed malice toward the defendant by imposing an active sentence of six (6) to ten (10) years and by fixing bail pending appeal in the amount of $10,000.00.

Counsel for defendant concedes it to be elementary that, within the limit of the statute, punishment is left to the sound discretion of the trial judge. The sentence imposed was within the maximum authorized by G.S. 14-54. It is equally fundamental that the amount to be fixed for bond pending appeal is largely in the discretion of the court below.

We have carefully examined the record and briefs filed in the case and hold that no abuse of discretion appears therein.

Affirmed.

BROCK and BRITT, JJ., concur.