State v. Peatross

STATE OF NORTH CAROLINA v. MIKE PEATROSS

No. 7110SC235

(Filed 23 June 1971)

Narcotics § 5; Criminal Law § 138— possession of marijuana — validity of sentence — evidence in pre-sentence hearing

Sentence of fifteen months' imprisonment imposed upon defendant's plea of guilty to the possession of marijuana was valid. There is no merit to defendant's contentions that the trial court committed prejudicial error prior to the sentencing when it (1) heard hearsay testimony, (2) refused to allow disclosure of the informer's identity, and (3) allowed the probation officer to testify that defendant recently had been using drugs.

APPEAL by defendant from *Martin (Robert M.), Judge,* 13 November 1970 Session of Superior Court held in WAKE County.

The defendant Mike Peatross was charged in a bill of indictment, proper in form, with the possession of a narcotic drug; to wit, marijuana, in violation of G.S. 90-88. The record reveals that on 10 November 1970, the defendant, represented by privately employed counsel, understandingly and voluntarily pleaded guilty to the possession of marijuana, a misdemeanor. After the plea of guilty had been entered, the court directed the probation officer to make a pre-sentence investigation, and on 13 November 1970, at a pre-sentence hearing, the court heard evidence from the defendant, the State, and the report of the probation officer.

From a judgment sentencing the defendant as a youthful offender to prison for a maximum period of fifteen months, the defendant appealed to the North Carolina Court of Appeals.

*Attorney General Robert Morgan by Staff Attorney Donald A. Davis for the State.*

*Tharrington & Smith by Wade M. Smith for defendant appellant.*

HEDRICK, Judge.

By his three assignments of error the defendant contends the court committed prejudicial error at the hearing held on 13 November 1970 prior to the imposition of the fifteen months' active prison sentence by: (1) Allowing witnesses for the State to testify over defendant's objection to hearsay statements of persons not at the hearing; (2) not requiring witnesses for the State on cross-examination to reveal the identity of informers who had given the witnesses information as to the conduct of the defendant since he was arrested and charged with the offense to which he entered a plea of guilty; and (3) allowing the probation officer to testify that defendant's manner and speech indicated defendant had been using some type of drugs recently.

The North Carolina rule with respect to the conduct and scope of a hearing for the purpose of determining punishment in a particular case was laid down by Ervin, J., in *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695 (1953), as follows:

"In making a determination of this nature after a plea of guilty or *nolo contendere,* a court is not confined to evidence relating to the offense charged. It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced. *S. v. Stansbury, supra.* In so doing the court is not bound by the rules of evidence which obtain in a trial where guilt or innocence is put in issue by a plea of not guilty. *People v. McWilliams,* 348 Ill. 333, 180 N.E. 832."

In the instant case the scope of the inquiry was within reasonable limits, and the defendant has failed to show that he was in any way prejudiced by the conduct of the hearing. The defendant has likewise failed to show that the identity of the informants would have been relevant or helpful to his case. *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969).

The defendant's plea of guilty to the valid bill of indictment authorized the judge to enter the judgment. The fifteen months' active sentence is within the maximum prescribed by law. We have carefully examined the entire record and find and hold that the defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.