STATE OF NORTH CAROLINA v. ALLAN WAYNE CHRISCO

No. 7220SC693

(Filed 20 September 1972)

1. Criminal Law § 23— guilty plea — voluntariness — plea bargaining

During an examination to determine voluntariness of his guilty plea, defendant was not prejudiced by a question with respect to influence exerted over him to obtain such plea, though plea bargaining may have taken place, where there was nothing to show that defendant's guilty plea would not have been accepted even after full disclosure of any plea bargaining which may have occurred.

2. Criminal Law § 138— severity of sentence — evidence of other offenses considered

The trial court did not err in hearing testimony with respect to offenses committed by defendant as to which the solicitor entered a *nolle prosequi* where such testimony was heard only after defendant's guilty pleas as to other charges had been accepted and was heard solely to aid the court in determining what sentence should be imposed.

ON *Certiorari* to review judgment of *Collier, Judge,* 24 April 1972 Session of Superior Court held in MOORE County.

Represented by counsel, defendant pleaded guilty to two counts of felonious breaking and entering and two counts of felonious larceny. Before accepting the pleas, the court examined defendant under oath and defendant signed and swore to a written "Transcript of Plea" which contained, among other questions and answers, the following:

"11. Has the Solicitor, or your lawyer, or any policeman, law officer or anyone else made any promise or threat to you to influence you to plead (guilty) in this case? Answer: No."

Thereupon the court signed an order making findings of fact and adjudicating that defendant's pleas of guilty were "freely, understandingly, and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency," and ordered the pleas, the transcript of plea, and the adjudication to be filed and recorded. After this occurred, the solicitor made the following statement:

"If your Honor, please, on the acceptance of those pleas, and with the understanding that all evidence will

be introduced, the State will take a nol pros in the other cases."

Before sentencing, the court heard testimony of a deputy sheriff, a police officer, and the defendant, concerning defendant's participation in the offenses to which he had pleaded guilty and concerning his involvement in other offenses as to which the solicitor entered a *nolle prosequi*. Judgment was then entered in the cases in which defendant had pleaded guilty, sentencing defendant to prison for a term of not less than five nor more than eight years. Defendant gave notice of appeal but failed to docket the record on appeal in apt time. This Court granted his petition for certiorari.

*Attorney General Robert Morgan by Associate Attorney Benjamin H. Baxter, Jr., for the State.*

*Robert C. Powell for defendant appellant.*

PARKER, Judge.

[1]   Defendant contends it was implicit in the solicitor's statement that an understanding had been reached by which the State would drop other charges against him in return for his pleading guilty in the cases now before us, that this should have put the trial court on notice to inquire further into the nature of any plea bargaining which may have occurred, and that the court's failure to do so and to enter its findings on the record entitle him now to replead. We do not agree.

"The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427; See also: "Standards Relating To Pleas of Guilty," American Bar Association Project on Minimum Standards for Criminal Justice (Approved Draft, 1968).

Defendant does not contend that such plea bargaining as may have occurred in the cases before us was conducted unfairly or that he failed to obtain full benefits of any bargain which may have been made. His complaint seems to be that, in order to have his pleas accepted by the court, he was required to answer falsely question No. 11 on the transcript of plea. Nothing in the record, however, supports defendant's assumption

that his pleas would not have been accepted had he answered the question in the affirmative and had there been full disclosure in open court concerning the nature of any plea bargaining which may have occurred and concerning the terms of any bargain which may have been reached. On the present record, defendant has failed to show how he has been in any manner prejudiced by having been asked question No. 11.

[2] There is also no merit in defendant's further contention that the court erred in hearing testimony concerning the other offenses committed by him. This testimony was presented to the court only after defendant's guilty pleas had been accepted and was heard by the court solely to aid it in determining what sentence should be imposed. "In making a determination of this nature after a plea of guilty or *nolo contendere,* a court is not confined to evidence relating to the offense charged. It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment." *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695. Moreover, in the present case it would appear from the solicitor's statement that it was part of "the understanding that all evidence (would) be introduced."

In the judgment appealed from and in the proceedings leading thereto we find

No error.

Judges VAUGHN and GRAHAM concur.