IN THE MATTER OF THE IMPRISONMENT OF: THOMAS JAMES REDDY, JAMES EARL GRANT, JR., AND CHARLES PARKER

No. 7226SC805

(Filed 22 November 1972)

1. Arrest and Bail § 9— bond pending appeal — no constitutional right
   There is no constitutional right to bond pending appeal.

2. Arrest and Bail § 9— amounts of bonds pending appeal — discretion of court
   The trial court did not abuse its discretion in setting appearance bonds of $50,000 each for two defendants and $25,000 for a third defendant pending their appeals from convictions of felonious burn-

ing, or in requiring defendants to abide by certain conditions in order to post bonds in lesser amounts.

3. **Arrest and Bail § 9— hearing to set bond pending appeal — rules of evidence**

In a hearing to determine the amount of an appearance bond pending appeal, the trial court was not bound by the rules of evidence as generally understood.

Judge GRAHAM concurs in the result.

ON writ of certiorari to review the order of *Snepp, Judge,* 10 July 1972 Session of Superior Court held in MECKLENBURG County.

Petitioners Thomas James Reddy, James Earl Grant, Jr., and Charles Parker, were convicted of "felonious burning" in violation of G.S. 14-62 at the 10 July 1972 Session of Superior Court held in Mecklenburg County. Pending appeal to the North Carolina Court of Appeals the trial judge set appearance bonds for each petitioner in the amount of $50,000.

On 2 August 1972 petitioners filed with this court a "motion for reduction of bail" which this court, ex mero motu, treated as a "petition for writ of habeas corpus" and allowed same, ordering that on 8 August 1972:

"Judge Snepp shall conduct an evidentiary hearing, with movants and their counsel and the solicitor present, for the purpose of determining the reasonable and proper amount to be set for appearance bonds for movants. Judge Snepp shall make findings of fact from the current hearing and from the original trial and post trial proceedings from which he determines the reasonable and proper amount of appearance bonds for movants. Judge Snepp shall promptly set such amount as he deems proper as appearance bond for each of movants."

On 8 August 1972 pursuant to the order of this court, Judge Snepp conducted a hearing and made findings of fact which, except where quoted, are summarized as follows:

The movants were charged in valid bills of indictment with the unlawful burning of a barn at the "Lazy B Stables" on 24 September 1968 in violation of G.S. 14-62. The movants pleaded not guilty; whereupon the State offered evidence that the movants and others, in a series of meetings in September, 1968, "decided to blow up or burn some buildings in Charlotte to

protest what they considered racial injustice." After discussion, "it was suggested that they burn the 'Lazy B' stable because Reddy said that the owner had once refused to rent a horse to him because of his race." "Grant, who has a Ph.D. degree in chemistry, instructed them in the use of incendiary devices known as 'Molotov Cocktails'. Washington, [a State's witness] who had served in the Marines, instructed the group in the use of rifles which Grant provided." On the night of 24 September 1968 the six men drove to the vicinity of the "Lazy B" stables.

> "They were armed with rifles and were prepared to shoot any person who interfered. Reddy and Parker, carrying the 'Molotov Cocktails' went into a large barn in which some 11 tons of hay were stored and set the structure on fire with the incendiary devices. The building was completely destroyed, and the 15 horses stabled in it were burned to death. Other horses in a second nearby barn were injured."

Parker presented no evidence. Reddy testified and denied participation in the crime. Grant introduced evidence tending to establish an alibi.

The jury found Reddy, Grant, and Parker guilty as charged.

> "The Court, based upon the evidence heard at the trial, concluded that Grant and Reddy were the principal instigators and planners of the offense. They were sentenced to 25 years and 20 years imprisonment, respectively. Parker appeared to the Court to be of lesser culpability and to offer some prospect of rehabilitation. He was sentenced to 10 years imprisonment."

Appearance bond pending appeal was set at $50,000 in each case. After determining that Parker was an indigent, the trial court appointed counsel to represent him on appeal.

Grant, age 31, is unmarried. He has a Ph.D. degree in chemistry and worked in the Charlotte area for Vista "from which he was discharged for failure to perform his job" and for the American Friends Committee. He has written for publications known as the "Southern Patriot" and "African World."

> "He owns no property other than personal effects and perhaps an automobile. He was convicted at the January

31, 1972 term of the United States District Court for the Eastern District of North Carolina in case 63-71-CR, Raleigh Division, of combining, conspiring, confederating and agreeing with others, including his co-defendant Benjamin Franklin Chavis, Jr. to violate Title 18 USC, Sec. 3150, in violation of Title 18 USC, Sec. 371 and aiding, abetting, counseling, commanding, inducing, procuring and effecting the failure of Walter David Washington and Theodore Alfred Hood to appear for trial as required by the United States District Court for the Eastern District of North Carolina on September 14, 1970."

Reddy, age 26, is married and lacks one unit of gaining his A.B. degree. "He worked for the Charlotte Observer and in urban community center work. He owns no property in Mecklenburg County other than personal effects and perhaps an automobile."

"Parker is 24 years of age. He is not married and lives with his mother. He attended the University of North Carolina at Charlotte for three and a half years. He has been employed by the Mecklenburg County Mental Health Department. He was convicted for possession of heroin and served one year's active sentence, and has a three years suspended sentence. He denies heroin addiction. He owns no property and has been found by the Court to be an indigent."

Presently, Grant is under indictment in Mecklenburg County in three separate cases, charging him with the following offenses: assault with a deadly weapon with intent to kill inflicting serious injuries, discharging a firearm into an occupied building and the unlawful burning of a building. Parker is under indictment in Mecklenburg County for the unlawful burning of a building.

Based on the evidence heard at the trial and in this hearing, Judge Snepp concluded:

"1. [T]hat the movants Grant and Reddy pose a substantial danger to the community and that the movant Parker poses a lesser danger."

"2. [T]hat there is a substantial possibility that the movants, if at liberty pending the determination of

their appeal, will flee the jurisdiction of this court and possibly even attempt to reach some foreign country."

In light of these findings of fact the Court entered an order allowing movants Reddy and Grant to post an appearance bond in the amount of $50,000 or, in the alternative, to post an appearance bond in the amount of $35,000 and agree to abide by seven conditions, summarized as follows:

1. That they not depart from Mecklenburg County while free on bail;

2. That they remain in their residence or place of abode each night between the hours of 9:00 p.m. and 6:00 a.m.;

3. That they refrain from being in the presence of or communicating with their codefendants;

4. That they report to the Clerk of Superior Court of Mecklenburg County or his delegate before 12 noon each Monday while free on bond;

5. That they advise the Clerk of Superior Court of their place of residence and any change therein while released under bond;

6. That they execute, acknowledge and file with the Clerk of Superior Court of Mecklenburg County waivers of extradition in the event they leave the jurisdiction;

7. That they execute, acknowledge and file with the Clerk of Superior Court of Mecklenburg County a written consent that upon report of any infraction of these conditions to the court, capias may issue without notice to them.

Appearance bond for Parker, pending appeal, was set at $25,000 or alternatively at $15,000 should he elect to abide by the seven conditions, *supra*.

*Attorney General Robert Morgan and Assistant Attorney General Charles M. Hensey for the State.*

*Chambers, Stein, Ferguson & Lanning by Jim Fuller for petitioner appellants.*

HEDRICK, Judge.

In their brief, petitioners assert:

"The Trial Court erred in violation of Petitioners' rights secured to them by the Sixth Amendment, the Eighth Amendment and the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 1, 19, 23, 27, 35 and 36 of the Constitution of the State of North Carolina by setting an excessive bail for the Petitioners Grant and Reddy in the amount of $50,000.00 and Petitioner Parker in the amount of $25,000.00."

We do not agree.

[1]　There is no constitutional right to bond pending appeal. *In re Ferguson,* 235 N.C. 121, 68 S.E. 2d 792 (1952). In their brief, petitioners state that "bail pending appeal is purely statutory."

With respect to appearance bonds pending appeal, G.S. 15-183 provides, "When any person convicted of a misdemeanor or felony other than a capital offense and sentenced by the court, shall appeal, the court shall allow such person to give bail pending appeal . . . . " The amount of bond pending appeal is largely within the discretion of the trial judge. *In re Ferguson, supra; State v. Parker,* 220 N.C. 416, 17 S.E. 2d 475 (1941); *State v. McDonald,* 6 N.C. App. 627, 170 S.E. 2d 551 (1969). It is fundamental that a discretionary ruling of a trial judge is conclusive on appeal in the absence of a showing of abuse of discretion. *Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967); *Highway Commission v. Coggins,* 262 N.C. 25, 136 S.E. 2d 265 (1964); *Samons v. Meymandi,* 9 N.C. App. 490, 177 S.E. 2d 209 (1970), cert. den. 277 N.C. 458, 178 S.E. 2d 225 (1971); *State v. Huffstetler,* 1 N.C. App. 405, 161 S.E. 2d 617 (1968).

[2]　On the record before us, petitioners have failed to show that the trial judge abused his discretion when he set the appearance bond pending appeal for Reddy in the amount of $50,000, for Grant in the amount of $50,000 and for Parker in the amount of $25,000. The amounts of the appearance bonds are clearly reasonable and proper when considered in the light of the facts found by Judge Snepp.

Next petitioners contend that certain of the conditions upon which the bonds of the respective petitioners would be reduced are "unlawful and unconstitutional." We do not agree.

Obviously, if the trial judge did not abuse his discretion in setting appearance bond for Reddy in the amount of $50,000, for Grant in the amount of $50,000, and for Parker in the amount of $25,000, it would not be an abuse of discretion to impose conditions upon the petitioners to fix the bonds in a reduced amount.

[3] Finally, petitioners contend that the trial court erred in the admission and exclusion of testimony at the hearing on 8 August 1972. We do not agree.

In many kinds of judicial hearings the rules of evidence as generally understood are disregarded. *State v. Morton,* 252 N.C. 482, 114 S.E. 2d 115 (1960); *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695 (1953); *State v. Peatross,* 11 N.C. App. 550, 181 S.E. 2d 763 (1971); Stansbury, N. C. Evidence 2d, § 4a.

The hearing before Judge Snepp on 8 August 1972 was ordered by this court "for the purpose of determining the reasonable and proper amount to be set for appearance bond for the movants." Clearly, Judge Snepp in the conduct of this hearing was not bound by the rules of evidence as generally understood.

Judge Snepp's order dated 8 August 1972 is

Affirmed.

Judge VAUGHN concurs.

Judge GRAHAM concurs in the result.