No. 82,586

STATE OF KANSAS, *Appellant*, v. JEREMY J. BELL, *Appellee*.

(1 P.3d 325)

Opinion filed March 10, 2000.

*Keith E. Schroeder,* assistant county attorney, *Timothy J. Chambers,* county attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellant.

*Kirk C. Redmond,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Jeremy J. Bell was charged with intentional second-degree murder (K.S.A. 1998 Supp. 21-3402).

At the preliminary examination the judge dismissed the charged crime and bound the defendant over on voluntary manslaughter (K.S.A. 21-3403[b]). The State refiled the original charge with the same result at the second preliminary examination. The State dismissed the bound-over charge and filed this appeal.

It is appropriate to state some standards relative to preliminary examinations. A defendant will be bound over for trial if from the evidence presented at the preliminary examination it appears that a felony has been committed and there is probable cause to believe the defendant committed the felony. K.S.A. 22-2902(3).

To prove probable cause, evidence must be sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. If there is conflicting testimony, the preliminary hearing judge must accept the

version of the testimony which is most favorable to the State. *State v. Bell*, 259 Kan. 131, 132-33, 910 P.2d 205 (1996).

The sufficiency of the evidence of second-degree murder for preliminary examination purposes is not really at issue, although so designated by the State. The real question before us is whether the court erred in binding defendant over on a lesser degree of the charged crime after finding the State had met its burden of proof on the charged crime.

To set a background for the discussion herein, some inclusion of the evidence viewed in accordance with previously stated standards is appropriate. On the evening of September 4, 1998, a group of party guests was standing in front of a Hutchinson residence. Carl Gustafson (the victim) came staggering down the public street in front of the residence. Defendant, one of the party guests, went out into the street and confronted the victim. He knocked the victim to the ground and began kicking him. The victim was unknown to him. Other partygoers stopped the defendant's attack and the victim stood up and left. A few minutes later the victim came back to that area of the street stating he was looking for his glasses which he had lost in the earlier incident. Defendant crept up behind the victim and struck him on the back of the head with a club of some type. The impact was so loud it was clearly heard half a block away. The victim died several days later of a fractured skull. These facts are clearly sufficient to bind defendant over on the second-degree murder charge.

The court found that the evidence established probable cause to bind the defendant over on the charged crime, but stated:

"Although the State's evidence establishes for purposes of a preliminary hearing that the defendant intentionally killed the victim (murder in the second degree), the additional evidence established probable cause to believe he did so upon an unreasonable but honest belief that circumstances existed that justified deadly force, i.e., he reasonably believed that such conduct was necessary to defend another against the victim's imminent use of unlawful force (voluntary manslaughter, K.S.A. 21-3403(b) and K.S.A. 21-3211).

"Therefore, after considering all of the evidence, the defendant is bound over for arraignment on the felony of voluntary manslaughter. This same conclusion was reached by this Court in the original filing of this charge in Case No. 98 CR 805."

The additional evidence was to the effect some of the partygoers thought the victim might have had a gun, although no one saw a weapon and the victim kept stating he just wanted to look for his glasses.

The court, influenced by the fact this additional evidence came in during the State's case in chief concluded that the additional evidence established voluntary manslaughter particularly subsection (b) of the voluntary manslaughter statute. K.S.A. 21-3403 provides:

"Voluntary manslaughter is the intentional killing of a human being committed:

. . . .

"(b) upon an unreasonable but honest belief that circumstances existed that justified deadly force under K.S.A. 21-3211, 21-3212, or 21-3213 and amendments thereto."

The legislative history of K.S.A. 21-3403 indicates that the definition of voluntary manslaughter was expanded by the addition of subsection (b) in 1992. Until then, the statute defined voluntary manslaughter as an intentional killing upon a sudden quarrel or in the heat of passion. Notes on proposed criminal code revisions attached to the minutes of the Senate Judiciary Committee from March 22, 1992, were quoted and discussed in *State v. Ordway*, 261 Kan. 776, 787-88, 934 P.2d 94 (1997). These committee notes state, in part:

"Voluntary manslaughter is divided into two subsections. Subsection (a) covers 'heat of passion' manslaughters and merely clarifies the statute. Subsection (b) is new and covers 'imperfect right to self-defense' manslaughters.

. . . .

"(b) 'Imperfect right to self-defense' manslaughter

"This new subsection covers intentional killings that result from an unreasonable but honest belief that deadly force was justified in self-defense. In essence, the defendant meets the subjective, but not the objective, test for self-defense. This so-called 'imperfect right to self-defense' is recognized in various forms. Kansas apparently recognizes it for unintentional killings under involuntary manslaughter. *State v. Gregory*, 218 Kan. 180 (1975); *State v. Warren*, 5 Kan. App. 2d 754 (1981); *State v. Meyers*, 245 Kan. 471 (1989). The Model Penal Code also follows this approach. Some states, e.g. Illinois, recognize this partial defense for intentional killings. *See,* LaFave, Criminal Law, pp. 665-666 (1986).

"Applying this partial defense to intentional killings is simply a recognition of the practical realities of plea bargaining and jury verdicts. Often it is unjust to

prosecute and convict such killers of murder and it is equally unjust to acquit them. This new subsection provides a middle category that is theoretically sound and legitimizes the realities of plea bargaining and jury verdicts." Notes on proposed criminal code revisions attached to Minutes, March 22, 1992, Senate Judiciary Committee.

Defendant argues that *State v. Pioletti*, 246 Kan. 49, 785 P.2d 963 (1990), authorizes the court's action herein. That is incorrect. In *Pioletti*, the defendant was charged with first-degree murder. At the preliminary examination, the court concluded the evidence established defendant should be bound over on the charged crime and, *in addition*, the crime of aggravated kidnapping. *Pioletti* did not involve a refusal to bind over on a charged crime after finding the State had met its burden of proof therein and a substitution thereof of a lesser degree of the charged crime.

The court's role at a preliminary examination is restricted. We said in *State v. Huser*, 265 Kan. 228, 230-31, 959 P.2d 908 (1998):

"Preliminary examinations are authorized by K.S.A. 22-2902. K.S.A. 22-2202(16) defines a preliminary examination as 'a hearing before a magistrate on a complaint or information to determine [1] if a felony has been committed and [2] if there is probable cause to believe that the person charged committed it.'

"Under step one, the judge may determine that a felony had been committed based on the evidence presented at the preliminary hearing if 'there is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief that it appears a felony has been committed.' *State v. Engle*, 237 Kan. 349, 350, 699 P.2d 47 (1985). If a preliminary hearing judge determines a felony has been committed, then the judge must determine whether there is probable cause to believe that the person charged committed the crime. 'In order to prove probable cause, there must be evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. *State v. Green*, 237 Kan. 146, Syl. ¶ 3, 697 P.2d 1305 (1985).' *State v. Bockert*, 257 Kan. 488, 492, 893 P.2d 832 (1995).

"While the judge at a preliminary hearing must determine that there is some evidence to support a finding that a felony has been committed and that the person charged committed it, the evidence need not prove guilt beyond a reasonable doubt, only probable cause. *Bockert*, 257 Kan. at 492; *State v. Sherry*, 233 Kan. 920, 935, 667 P.2d 367 (1983). According to *In re Mortimer*, 192 Kan. 164, 166-67, 386 P.2d 261 (1963),

'[t]here is a difference between the quantum of proof essential to a binding over for trial and that required to convict at the trial. The guilt or innocence of a defendant is not adjudged at a preliminary examination, and it is not

> necessary that evidence upon which a defendant is held for trial should be sufficient to support a conviction. It is enough if it shows that an offense has been committed and that there is probable cause to believe the defendant is guilty. *State v. Pfeifer*, 109 Kan. 232, 233, 198 Pac. 927 [1921]; *In re Danton*, 108 Kan. 451, 195 Pac. 981 [1921].'
>
> "Furthermore, a judge at a preliminary hearing should not evaluate the prosecutor's decision to file criminal charges against the defendant. The judge should not dismiss the case simply because the judge has determined that the State should not have prosecuted the case due to the remote or nonexistent possibility of a conviction. *Bockert*, 257 Kan. at 492 (citing *State v. Puckett*, 240 Kan. 393, Syl. ¶ 3, 729 P.2d 458 [1986])."

As the examining magistrate herein, the judge properly found the State had established, for preliminary examination purposes, that there was probable cause to believe defendant had committed second-degree murder as charged by the State. At that point he had no alternative but to bind the defendant over to stand trial for second-degree murder. Instead, in essence, the judge stepped down from the bench and moved to the jury box where he concluded additional evidence warranted a finding that the imperfect defense of subsection (b) of involuntary manslaughter had been proven. In so doing, he not only invaded the province of the jury, but also invaded the province of the prosecution to determine on what charge it would proceed. It should be repeated there was no failure of proof on the charged crime for preliminary examination purposes.

Nothing is to be gained from belaboring the matter further. We conclude the district court erred in binding the defendant over on voluntary manslaughter rather than the charged crime of second-degree murder.

The judgment of the district court is reversed and the case is remanded with instructions to bind the defendant over for trial on the charge of second-degree murder.

Reversed and remanded with instructions.